**ALASKA PUBLIC UTILITIES COMMISSION, Appellant,**

v.

**MUNICIPALITY OF ANCHORAGE, d/b/a Anchorage Telephone Utility, Appellee.**

No. 2934.

Supreme Court of Alaska.

June 9, 1978.

Jeffrey B. Lowenfels, Asst. Atty. Gen., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellant.

Roger R. Kemppel, Kemppel and Huffman, Anchorage, for appellee.

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, BURKE and MATTHEWS, Justices.

## OPINION

BURKE, Justice.

In this case, the Alaska Public Utilities Commission (hereinafter the Commission) appeals an order of the superior court regarding an interim rate increase requested by the Municipality of Anchorage d/b/a Anchorage Telephone Utility (hereinafter ATU).

On December 4, 1975, ATU filed with the Commission an application requesting both a permanent rate increase and an interim increase. The Commission suspended the request for a permanent increase but ordered that a hearing be held on February 10, 1976, with regard to an interim rate increase. On March 15, 1976, following this hearing, the Commission issued Order No. 4 granting a partial rate increase for additional revenues in the amount of $1,127,032. However, in arriving at this figure, the Commission refused to grant a further revenue increase of $1,290,088 to meet ATU's "interfund expenses." It is this refusal which is the subject of this appeal.

Interfund expenses are those charges made to ATU by the Municipality of Anchorage for certain common services provided by the Municipality to all municipally-owned utilities. These services include data processing, administration records management, legal assistance, financial control and auditing, and utility customer services including customer billing, customer mailings, new customer applications, and collections. Each utility pays interfund charges to the General Fund based on its pro rata use of the services provided by the Municipality.

In Order No. 4, the Commission acknowledged that interfund charges were a justifiable expense of ATU. The basis for its refusal to recognize these as valid expenses was that it felt that ATU had presented insufficient evidence at the February 10 hearing concerning the specific amounts and allocations of these expenses to meet its burden of proof under AS 42.05.511(c).[1] The Commission concluded that there was "not sufficient proof that the interfund charges allocated to various expense categories of ATU properly represent the true expenses that should be borne by ratepayers of ATU." However, the Commission stated that it would allow these expenses upon a proper showing of proof.

On March 25, 1976, ATU brought a complaint for injunctive relief against the Commission and the individual commissioners in superior court. The utility alleged that it was in fact incurring interfund expenses and that the defendant's refusal to consider these expenses as valid during the interim period constituted an unconstitutional confiscation of ATU's property. ATU further

---

1. AS 42.05.511(c) provides:

In a rate proceeding the utility involved has the burden of proving that any written or unwritten contract or arrangement it may have with any of its affiliated interests for the furnishing of any services or for the purchase, sale, lease or exchange of any property is necessary and consistent with the public interest and that the payment made therefor, or consideration given, is reasonably based, in part, upon the submission of satisfactory proof as to the cost to the affiliated interest of furnishing the service or property and, in part, upon the estimated cost the utility would have incurred if it furnished the service or property with its own personnel and capital.

In a previous order, the Commission had specifically informed ATU that the Commission was very concerned with the matter of ATU's interfund expenses and that ATU should be prepared to present proper and complete evidence regarding these expenses at the February 10 hearing.

alleged that if the Commission's order were allowed to stand, that ATU would suffer irreparable harm because it could not later recover its losses from the rate-payers. Finally, ATU asserted that the court could protect the utility's customers by ordering that ATU refund to its customers any portion of the increase eventually determined unjustifiable.

On March 30, 1976, the superior court entered a Memorandum of Decision and Order. Applying the standards set forth in *Alaska Pub. Util. Comm. v. Greater Anchorage Area Borough,* 534 P.2d 549 (Alaska 1975), the court stated that it was convinced that ATU was entitled to the requested preliminary injunction. The court was concerned, however, with ATU's failure to adequately justify its claimed interfund expenses. Accordingly, the court remanded the case to the Commission for a determination as to whether there was a reasonable probability that ATU's projected interfund expenses would become part of its final rate base or in the alternative, whether ATU was entitled to only part of these expenses.

Upon remand, the Commission found that there was a reasonable probability that the requested interfund expenses would be included in the final revenue determination of ATU. The Commission then ordered that an additional interim increase in the amount of $1,290,088 be allowed to go into effect. The Commission further ordered, pursuant to AS 42.05.421(c), that ATU put any amounts thus received into an escrow account at a reasonable rate of interest. The Commission gave two reasons for the escrow requirement: (1) that it was likely that ATU would eventually have to give some sort of refund once a permanent rate was established, and (2) that the Commission did not wish utilities to make groundless filings for interim rate increases fully expecting to have to refund some of those increases but nevertheless having the advantage of additional cash in the intervening time.

Following entry of the Commission's order, the parties returned to the superior court. At that time, the court granted ATU what appears to be a permanent injunction, making the increase retroactive to April 1, 1976. The court overruled the Commission's order that the additional revenues be put into an escrow account, however, and instead simply ordered that should a refund become necessary, ATU would be required to refund these amounts with interest at the rate of 8% per annum.

The Commission has raised two issues on appeal. First, it challenges the superior court's granting of the interim rate increase and its failure to require that ATU meet its statutory burden of proof under AS 42.05.-511(c). Second, the Commission asserts that the superior court erred in overruling the Commission's order that the additional revenues be placed in an escrow account.

■ With regard to the Commission's first contention, we do not feel that it is appropriate for us to rule on this issue for the reason that the Commission is appealing its own order. After determining that ATU was entitled to an injunction under *Alaska Pub. Util. Comm. v. Greater Anchorage Area Borough,* the superior court remanded the case to the Commission for a determination as to whether there was a reasonable probability that ATU's interfund expenses would be included in its final rate base. Upon remand, in an order dated April 9, 1976, the Commission not only found that there was such a reasonable probability but also ordered that the additional interim rate increase be allowed to go into effect. The superior court accepted the Commission's order and itself then ordered that the increase be retroactive to April 1, 1976. As these facts indicate, it was the Commission that ordered the rate increase to go into effect and the superior court merely accepted that order, adding only that it be retroactive to 9 days prior to the Commission's order. Although the court might have ordered all or part of the rate increase had the Commission not done so, the fact remains that the Commission itself ordered the increase. In our opinion, it would violate implicit concepts of appellate review if we were to rule on the Com-

mission's challenge to its own order. Accordingly, we decline to review the validity of the interim rate increase.

■ The Commission also contends that the superior court erred in overruling the Commission's order that the additional interim funds collected by ATU be placed in an escrow account pending the final rate determination. The Commission had established this requirement pursuant to AS 42.-05.421(c), which provides:

> In the case of a proposed increased rate, the commission may by order require the interested public utility or utilities to place in escrow in a financial institution approved by the commission and keep accurate account of all amounts received by reason of the increase, specifying by whom and in whose behalf the amounts are paid. Upon completion of the hearing and decision the commission may by order require the public utility to refund to the persons in whose behalf the amounts were paid, that portion of the increased rates which was found to be unreasonable and unlawful. No funds shall be released from escrow without the commission's prior written consent and the escrow agent shall be so instructed by the utility, in writing, with a copy to the commission. The utility may, at its expense, substitute a bond in lieu of the escrow requirement.

The superior court overruled the Commission's order because it felt that requiring a bond or escrow account would serve no useful purpose and that ATU had sufficient funds upon which to draw in the event a refund was necessary.

We hold that it was error for the superior court to dispense with the Commission's order that ATU place the funds received pursuant to the interim increase in an escrow account. AS 42.05.421(c) specifically authorizes the Commission to take the action it did.[2] Absent a showing that the Commission abused its discretion, we do not believe that the superior court was justified in substituting its own judgment for that of the Commission.

AFFIRMED in part and REVERSED in part.

CONNOR, Justice, concurring in part, dissenting in part.

In my opinion it was not error for the superior court to dispense with the commission's requirement that ATU place the funds attributable to the interim increase in an escrow account.

In the case of a solvent municipality such as Anchorage, it makes no sense to require an escrow of these funds. Like the trial court, I think the credit of the municipality can be utilized in lieu of a bond.

While the municipality can be required to account for the increased revenues so that a refund can later be ordered, there is no reason to add an additional mechanism of expense or bureaucratic difficulty, when such a mechanism can be readily avoided and the public can still be adequately protected, as was the case here.

AS 42.05.421(c) permits the utility to substitute a bond in lieu of the escrow requirements. In this case ATU moved to substitute in lieu of a corporate bond a recognizance pledging the full faith and credit of the municipality to make any refund that might be necessary. In my opinion this is a proper substitute for a bond. The court had jurisdiction over the municipality and could assure, through ordering an increase in tax levies, if necessary, that the ratepayers would be protected.[1]

Therefore, I would affirm the superior court as to both issues presented.

---

2. In reaching our decision we have also considered AS 09.35.080(6), which makes "all property of a public or municipal corporation" exempt from execution.

1. See C. Antieau, Municipal Corporation Law, Sec. 16.26 (1973).